UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| STEVEN ANDREW RIDGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:20-CV-46-TAV-DCP |
| | ) | |
| DEPUTY R. JONES, | ) | |
| CAPTAIN VOWELL, | ) | |
| LIEUTENANT FENTON, | ) | |
| CORPORAL ANTHONY, and | ) | |
| THE STATE OF TENNESSEE, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

The Court is in receipt of a pro se prisoner's complaint under 42 U.S.C. § 1983 [Doc. 1] and motion for leave to proceed *in forma pauperis* [Doc. 5].

### I. MOTION TO PROCEED *IN FORMA PAUPERIS*

A review of Plaintiff's certified inmate trust account record demonstrates that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 5] will be **GRANTED**.

Because Plaintiff is an inmate in the Anderson County Detention Facility, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee, 39702, as an initial partial payment, the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for

the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2) and 1914(a).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, and to the Attorney General for the State of Tennessee. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Clerk is also **DIRECTED** to provide a copy to the Court's financial deputy.

## II. SCREENING

### A. PLAINTIFF'S ALLEGATIONS

Plaintiff, a sex offender, was booked into the Anderson County Detention Facility on July 26, 2019 [Doc. 1 p. 3-4]. Unit 7E houses sex offenders, but because there was no room in that unit, Plaintiff was housed in Unit 7F [*Id*. at 4]. While Plaintiff was housed in Unit 7F, several of his family members traveled to the facility to visit him between July 26, 2019, and August 8, 2019, but Plaintiff was refused visitation due to his "classification status" [*Id*.]. On one occasion, Plaintiff was released from his cell for visitation but was stopped before he reached the visitation area so that another inmate could have a visit

2

instead [*Id*.]. Plaintiff filed numerous grievances about the lack of visitation, and on the third grievance appeal, he was taken to Captain Vowels' office and told that his rights were not the same as other inmates [*Id*.].

Plaintiff also complains that sex offenders at the Anderson County Detention Facility are not allowed to participate in programs that are permissible for other inmates [*Id*. at 5]. He asks the Court to compensate him monetarily for "discrimination and mental anguish," and to allow him to participate in job and other program opportunities [*Id*. at 6].

### B. SCREENING STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff

might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

**C. ANALYSIS**

To state a cognizable constitutional claim for the denial of visitation privileges and vocational/educational programs, Plaintiff must demonstrate that his interest in these privileges and programs is a liberty interest protected by the Due Process Clause. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) ("[T]he Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish one of these interests at stake."). To establish such an interest, Plaintiff must show that being deprived of that right or interest imposes on him an "atypical and significant hardship" relative to the ordinary circumstances of prison life. *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

"[I]nmates have no absolute constitutional right to visitation .... Limitations upon visitation may be imposed if they are necessary to meet penological objectives such as ...

rehabilitation and the maintenance of security and order." *Bellamy v. Bradley*, 729 F.2d 416, 420 (6th Cir.1984) (internal citations omitted). Here, Plaintiff complains of a denial of visitation privileges for a period of approximately two weeks due to his classification status. First, Plaintiff has no liberty interest in either his housing placement or in his security classification. *See, e.g., Montanye v. Haymes*, 427 U.S. 236, 242 (1976). Therefore, his complaints about either fails to state a constitutional claim. Second, the denial of visitation privileges for this limited period is not an "atypical and significant hardship" in the prison context. *See Overton v. Bazzetta*, 539 U.S. 126, 137 (2003) (citing *Sandin*, 515 U.S. at 485); *see also Bazzetta v. McGinnis*, 430 F.3d 795, 803-05 (6th Cir. 2005) (concluding that even a prison's policy resulting in a permanent ban on visitation does not "rise[ ] to the level of egregious conduct necessary to implicate the implicit guarantees of the Due Process Clause"). Accordingly, Plaintiff's complaints concerning the denial of visitation privileges fails to state a constitutional claim.

Plaintiff additionally complains about the denial of vocational, rehabilitative, or educational opportunities. However, prisoners possess no constitutional right to such privileges. *See, e.g., Martin v. O'Brien*, 207 F. App'x 587, 590 (6th Cir. 2006) (holding "a prisoner does not have a constitutional right to prison employment or a particular prison job"); *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) ("Prisoners have no constitutional right to rehabilitation, education, or jobs."). Therefore, Plaintiff's allegations concerning the denial of vocational rehabilitative, or educational opportunities likewise fails to state a claim.

Having resolved Plaintiff's due process complaints, the Court also considers Plaintiff's allegation that the denial of opportunities to participate in jobs or other programs violates the Fourteenth Amendment's Equal Protection Clause. The Equal Protection Clause provides that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., amend. XIV, § 1. In order to state a viable equal protection claim, "a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'" *Ctr. For Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (quoting *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby, Mich.*, 470 F.3d 286, 299 (6th Cir. 2006)).

The Court has already determined that Plaintiff's inability to participate in vocational or other programs while incarcerated does not burden a fundamental right. Second, "[c]onvicted sex offenders are not a suspect class." *See Cutshall v. Sundquist*, 193 F.3d 466, 482 (6th Cir. 1999). Third, Plaintiff has not demonstrated that the policy restricting sex offenders from participation in vocational programs lacks a rational basis, as he has set forth no factual allegations about the policy itself or the motivation from excluding sex offenders from these programs. Therefore, Plaintiff's allegations fail to state a claim. *See Iqbal*, 556 U.S. at 678 (holding conclusory allegations fail to state a constitutional claim).

Finally, the Court notes that under the PLRA, a lawsuit brought by an institutionalized person requires a "physical" injury to permit recovery. *See* 42 U.S.C.

§ 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]"). Plaintiff has not alleged any physical injury as a result of the constitutional violations alleged in the complaint, and therefore, recovery is not permitted under the PLRA.

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 5] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. The Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, to the Attorney General for the State of Tennessee, and to the Court's financial deputy;

5. Plaintiff has failed to state a claim upon which relief may be granted under § 1983, and this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE